WASHINGTON,
*March,*
1841.

## HARVEY & HARRAN *v.* HARRY RICHARDSON.

When an execution debtor is within the jail limits, and a proposition from
the creditor is given to the bail of the debtor, stating on what terms he
will discharge the debtor, the terms to be complied with before the debt-
or departs, such proposition is not a discharge of the debt, nor a license
to the debtor to leave the limits.

DEBT, upon a jail bond, executed by the defendant, as
surety, and William Mann, now of Sherbrook, Canada, as
principal, on the 23d day of June, 1838, to Geo. A. Allen,
sheriff of Chittenden county, and by said Allen assigned to
the plaintiffs, which bond was given on the commitment of
said Mann to the common jail in Chittenden county, by vir-
tue of an execution in favor of the plaintiffs against him.

The defendant pleaded three several pleas in bar, the sub-
stance of which was, that the said Mann left the liberties of
the prison by the license and consent of the plaintiffs. The
pleas were traversed, and issues joined to the court.

On the trial in the county court, testimony was given from
which the court found the following facts, viz ;—

After Mann was committed on the plaintiff's execution,
the defendant, Richardson, applied to the plaintiffs to know
upon what terms the debt could be compromised. The
plaintiffs finally put their terms in writing, which they sign-
ed, which writing is, in substance, as follows ;—

' Mr. Mann, Sir,—We will take a note, at three months,
' for one half the amount of our debt on which you have
' been committed to jail, and the amount yet unsettled for
' slippers, for the Union House, about $4.50.    You will
' settle costs in Burlington.    This half is to be secured.  For
' the other half we will take your note, on demand, with inter-
' est annually, and discharge the jail bond.    May 22, 1839.'

This writing the plaintiffs delivered to the defendant, it
being at the time understood, both by the plaintiffs and de-
·fendant, as a mere offer to be presented to Mann, and, if fi-
nally accepted, it was known to the defendant that the plain-
tiffs expected that the security, specified in the writing,
would be given, to the acceptance of the plaintiffs, before
the debtor should depart the liberties of the prison.    The

WASHINGTON, writing was, by the defendant, communicated to Mann, and
March, also the other facts above stated, upon which Mann depart-
1841.
ed from the prison liberties without any further communica-
Harvey & tion with the plaintiffs.
Harran
v. From the foregoing facts, the county court determined
Richardson. that the debtor departed the prison liberties without the con-
sent of the plaintiffs, or either of them, and that the plain-
tiffs were not barred from recovering in this action, and ren-
dered judgment for the plaintiffs to recover against the de-
fendant, their debt, damages and costs. The defendant ob-
jected to the admission of oral testimony to show under
what circumstances the aforesaid writing was delivered, and
that the parties understood it, at the time, as a mere offer ;
but this objection was overruled. The defendant excepted
to the decisions and judgment of the county court.

*Smith* and *Upham*, for defendant.

It has been repeatedly decided that writings, substantially
like the one given by the plaintiffs, in this case, amounted
to a license to the debtor to depart from the prison liberties.
*Hobbs* v. *Whitney et al.*, 2 Tyler's R. 409. *Enos* v. ——,
Brayton, 36. *Conant* v. *Patterson et al.*, 7 Vt. R. 163.

If the above decisions were correct, then the oral testimo-
ny was inadmissible, as it tended to vary and control a writ-
ten contract.

It is clear that no action could have been maintained
against the sheriff for an escape.

*G. B. Manser*, for plaintiffs.

The writing, given by plaintiffs, in the present case, dis-
connected from all the circumstances under which it was
obtained, amounts to nothing more than a mere *statement* of
what plaintiffs would be willing to do in discharge of their
debt, upon the performance of certain conditions precedent,
by Mann, the principal.

It cannot be considered a consent or agreement, in *itself*,
for, in order to give it validity, it became necessary for
Mann to signify his assent and compliance, to the acceptance
of the plaintiffs, *before* he left the prison limits.

But when the circumstances, connected with the procure-
ment and delivery of the writing, are considered, all ques-

tion in regard to the correctness of the decision of the county court, would seem to be ended.

That the court did right in admitting the testimony can hardly be questioned.

WASHINGTON,
*March,*
1841.

Harvey &
Harran
*v.*
Richardson.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears, from the exceptions, that the issue joined in this case was tried by the court. The judgment, therefore, is not to be reversed, unless there was error in admitting testimony, or in not giving a proper construction to the writing introduced in evidence, or unless, upon all the facts in evidence, the defendant was, by law, entitled to a judgment in his favor. We see no error in admitting any testimony. It was proper to show to whom the writing was delivered, and what was to be done with it by Richardson, the bail.

There was no wrong construction put upon the writing. It was not a discharge. It was nothing more than a proposition for a settlement, and it was not a contract to be executed after Mann departed from the prison liberties. If it was an inducement to the debtor to depart from the liberties of the prison, and had that effect, and was a fraud upon the bail, so as to bring the case within the principle decided in the cases reported in Tyler, in Brayton, and in the 7th Vt. R., these facts should have been so found by the court. They are not so found, and any such inference is directly repelled by the evidence.

The defendant, who was the bail, procured the proposition from the plaintiffs, understood it was to be executed and completed before the debtor departed from the liberties. If the debtor was induced to depart in consequence of this proposition, it was not by the procurement of the plaintiffs, but by the act of the defendant in procuring the proposition from the plaintiffs and communicating it to the debtor.

The facts in evidence did not entitle the defendant to a judgment, as there was no discharge of the debt, and no proceedings on the part of the plaintiffs calculated to hold out any inducement to the debtor to depart the liberties, to the injury of the bail.

The judgment of the county court, is, therefore, affirmed.